### No. 8955.

### MARTINEZ *v.* THE PEOPLE.

1. EVIDENCE—*Circumstantial,* is frequently most convincing and satisfactory.

2. NEW TRIAL—*Evidence.* Conviction of homicide. The evidence was entirely circumstantial. The court below having overruled the motion of the accused for a new trial, *held* that the court of review, having no opportunity to observe the demeanor of the witnesses in giving testimony, and no acquaintance with the surroundings and setting of the case, should not overrule the concurring judgment of the jury and the trial judge.

*Error to Las Animas District Court, Hon. A. Watson McHendrie, Judge.*

Mr. H. A. SCHMIDT, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, Mr. BERTRAM B. BESHOAR and Mr. CHARLES ROACH, Assistant Attorneys General, for the People.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF in error was found guilty of murder in the second degree, and brings the cause here for review. There

is but one question to be determined, and that is whether the evidence, which is entirely circumstantial, is sufficient to fairly establish guilt, under the rule governing criminal trials.

Defendant and the murdered man occupied adjoining homesteads in the southern part of the State. Deceased, an American, was unmarried, and lived alone. Defendant, who, is a Mexican, lived with his wife and family about half a mile from the deceased. The locality of the homicide is sparsely settled, the next nearest neighbor being some two miles away. There were no witnesses to the killing, and the evidence is, as mentioned above, circumstantial only. This fact is, of course, not sufficient to justify a reversal of the judgment, as circumstantial evidence may be, and frequently is, most convincing and satisfactory. We have read the entire record with the utmost care, and while the evidence presented by the State is not as satisfactory in detail as is ordinarily desirable, still we cannot declare that there was not sufficient evidence to warrant the verdict returned. The jury, who saw the witnesses as they gave their testimony, and who were acquainted with the surroundings and setting of the case to an extent, in matters of fact and detail, impossible to an appellate court, was in a much better position to determine fact questions correctly than in this court. The case is unusual, and of a kind and nature in which the conduct of witnesses, their manner of testifying and the whole atmosphere of the trial, go far to aid the jury in reaching a proper conclusion. Defendant was given an opportunity to explain under oath the many incriminating facts and circumstances presented by the State. His relatives and friends were also called into assist ·in clearing him óf the charge; a jury of his peers' residents of the same county, familiar with the neighborhood and its people, decided against him. On the hearing of the motion for a new trial the presiding judge, with the advantage of having heard all of the testimony, and having had the witnesses under observation, declined to grant the motion, although all the facts in the record before us were skilfully brought to his attention

by zealous and able counsel. It is in a case of this character, the determination of which depends entirely upon, questions of fact, that the service of a jury is most valuable. The jury was called upon to decide whether the various facts and circumstances, beginning with a quarrel between defendant and deceased, and ending with the discovery of the victim's remains almost entirely destroyed by fire, were sufficient to establish the defendant's guilt. From the decision of these questions the law stood aloof, and the jury resolved them according to their own ideas. Upon the record the verdict seems to be calm, deliberate and unimpassioned, and a reviewing tribunal, being wholly without these extrinsic aids enjoyed by the jury, manifestly should not, without sound and tangible reasons therefor, set it aside. In *Mow v. The People,* 31 Colo. 351, at page 358, 72 Pac. 1069, this court, under similar conditions, spoke as follows:

"The testimony, although somewhat meager in detail for a murder case, when carefully considered and weighed, fully sustains the verdict of the jury that the accused are guilty of the crime of which they are convicted. Twelve men have carefully considered it. They had the advantage of seeing the witnesses when they testified; of considering all those little incidents which aid so much in the determination of contested questions of fact, and which can never be reproduced in the record; of the explanations which the witnesses gave of the surroundings where the tragedy occurred; and if this court, without these aids, should set aside the verdict and say that it is not sustained by the testimony, it could only be done upon the theory that we have a better understanding of the case than the jury had."

The foregoing pronouncement is peculiarly applicable to the facts in this case, and in the absence of anything showing bias or prejudice, or other improper motive, on the part of the jury, should control.

Judgment affirmed.

Decision *en banc.*

Mr. Justice Scott not participating.